UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUADALUPE MENDOZA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-3460 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Guadalupe Mendoza pled guilty in the 263rd District Court of Harris County, Texas to one charge of indecency with a child, and two charges of aggravated sexual assault of a child brought as three separate causes. That court sentenced him to 20 years imprisonment on the indecency charge, and 75 years imprisonment on each of the aggravated sexual assault charges, to run concurrently. Texas' Fourteenth Court of Appeals affirmed the judgment and the Texas Court of Criminal Appeals ("TCCA") refused Mendoza's petition for discretionary review. *Mendoza v. State*, Nos. 14-06-00627-CR, 14-06-00628-CR, 14-06-00629-CR, 2007 WL 704955 (Tex. App. – Houston [14th Dist.] Mar. 8, 2007)(pet. ref'd).

Mendoza filed three separate state habeas corpus applications challenging the three convictions. The TCCA denied all three without written order on the findings of the trial court. SH-02[1] (Doc. # 28-10) at cover; SH-03 (Doc. # 29-1), at cover; SH-04 (Doc. # 29-9) at cover.

On January 28, 2016, this Court denied Mendoza's petition for a writ of habeas corpus, finding that he received effective assistance of counsel in connection with his guilty

---

[1] "SH" refers to the transcripts of Mendoza's state habeas corpus proceedings.

plea, that his plea was knowing and voluntary, and that his plea waived all non-jurisdictional defects. *See* Doc. # 32. The Fifth Circuit denied Mendoza's request for a certificate of appealability. *Mendoza v. Davis*, No. 16-20121 (5th Cir. Feb. 13, 2017). Mendoza now seeks relief from the judgment under Rule 60(b)(3) of the Federal Rules of Civil Procedure.

Rule 60(b)(3) provides for relief from a judgment in the event of fraud. Mendoza claims that the respondent committed fraud on the Court by filing a transcript of his guilty plea when the record on Mendoza's direct appeal suggested that the plea was never transcribed.

The only evidence of fraud cited by Mendoza is two signatures by the court reporter on pages attached to Mendoza's motion. Mendoza claims that one of the signatures spells the reporter's first name "Jacqueline" and the other spells it "Jacquiline." A review of the signatures, however, does not support Mendoza's claim that the names are spelled differently.

It does appear that that the transcript was not made available on direct appeal. In the absence of any evidence of fraud, that appears to be the result of a clerical error. The error, however, does not merit relief because the transcript in question is amply supported by written documents containing Mendoza's plea and his acknowledgments of the possible punishment range, the fact that he was entering the plea with no sentence recommendation, and acknowledging the rights he waived by pleading guilty. *See* Doc. # 28-13. Mendoza does not claim that the documents containing his written waivers and acknowledgements are fraudulent. Therefore, even if the Court assumes that the transcription of the plea allocution is in some way improper, the written plea documents are more than sufficient to support the Court's decision denying Mendoza's petition. Accordingly, it is ORDERED that Mendoza's

motion for relief from the judgment (Doc. # 42) is DENIED.  It is FURTHER ORDERED that no certificate of appealability shall issue.

SIGNED on this 10th day of January, 2018.

_____
Kenneth M. Hoyt
United States District Judge